**[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 635.]**

TOLEDO BAR ASSOCIATION *v*. RUST.

**[Cite as *Toledo Bar Assn. v. Rust*, 1996-Ohio-242.]**

*Attorneys at law—Misconduct—Public reprimand—Accepting employment where attorney's independent judgment on client's behalf is likely to be adversely affected, without client's consent after full disclosure—Continuing multiple employment where attorney's independent judgment on any client's behalf is likely to be adversely affected, without clients' consent after full disclosure—Failing to deposit client's funds in identifiable bank account.*

(No. 95-2128—Submitted December 6, 1995—Decided February 28, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 94-04.

———————————

{¶ 1} Relator, Toledo Bar Association, charged respondent, John G. Rust of Toledo, Ohio, Attorney Registration No. 0000098, with professional misconduct involving, *inter alia*, violations of DR 5-105(A) (accepting employment where attorney's independent judgment on client's behalf is likely to be adversely affected, without client's consent after full disclosure), 5-105(B) (continuing multiple employment where attorney's independent judgment on any client's behalf is likely to be adversely affected, without clients' consent after full disclosure), and 9-102(A) (failing to deposit client's funds in identifiable bank account). A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") heard the matter on December 15, 1994.

{¶ 2} The parties, in effect, stipulated that respondent violated DR 5-105(A) and (B) and 9-102(A) in the course of arranging two loans between his clients, Molly A. Harris-Gordon and Courtland Harwood. Harris-Gordon hired respondent

in May 1992 to represent her in an uninsured motorist claim. In June 1992, Harris-Gordon approached respondent about a loan to help her avoid being evicted from her home. Apparently, Harris-Gordon was unable to obtain a loan from anywhere else, and respondent learned from one of relator's representatives that he could not ethically loan her money himself. As a result, respondent inquired of Harwood, the owner of a company named "National Loan Co.," and Harwood agreed to offer Harris-Gordon a $937.50 loan. As security for this loan, respondent arranged for Harris-Gordon to assign to Harwood a $1,500 interest in her uninsured motorist claim and for Harris-Gordon to buy back her assigned interest for $1,112.50. Under the terms of the loan agreement, Harris-Gordon would buy back the assigned interest a week or so after the loan agreement was signed with funds being held by the Toledo Municipal Court in connection with a default judgment Harris-Gordon had obtained in an unrelated case. The loan agreement also authorized respondent, as Harris-Gordon's attorney, to receive the $1,112.50 from the Toledo Municipal Court and then to deliver the funds to Harwood. Finally, the loan agreement provided for the payment of $25 per month in interest if Harwood did not receive payment by August 3, 1992.

{¶ 3} Harris-Gordon received her loan in the amount of $937.50 on July 24, 1992, respondent timely paid Harwood $1,112.50 on about July 31, 1992, and Harwood made $175 on the deal. Respondent paid Harwood with a personal check for $1,112.50 written after he had deposited the Toledo Municipal Court funds into his personal bank account.

{¶ 4} Harris-Gordon also agreed to pay Harwood $2,500 for a second loan, this time in the amount of $2,000. As security for this loan, respondent arranged for Harris-Gordon to assign to Harwood a $2,500 interest in anticipated proceeds from her uninsured motorist claim and a $2,500 interest in an inheritance she expected to receive from her father's estate. Harris-Gordon understood that her loan obligation would be satisfied from her inheritance only if she did not receive

2

sufficient proceeds from her uninsured motorist claim. She asked respondent not to file anything in probate court; however, respondent filed the assignment as a part of the loan transaction. Since this filing, Harwood has not taken advantage of either assignment, and Harris-Gordon is in the process of repaying the $2,000 loan.

{¶ 5} Harris-Gordon knew respondent had previously represented Harwood, but she objected to Harwood's profit from these loan transactions when she realized respondent might have explored other less costly alternatives to the loans. The panel agreed that respondent represented clients with competing interests without their consent after full disclosure and, therefore, found respondent in violation of DR 5-102(A) and (B). The panel also found respondent in violation of DR 9-102(A).

{¶ 6} In recommending a sanction for this misconduct, the panel considered that respondent had been in practice since 1948 and had committed no prior disciplinary infractions. Relator suggested that respondent be suspended from the practice of law for six months, with the sanction period being suspended on the condition that respondent complete twelve hours of continuing legal education courses on ethics. Respondent suggested a public reprimand. The panel recommended that respondent be publicly reprimanded and that he be required to complete three credit hours in ethics in addition to the amount mandated by continuing legal education requirements.

{¶ 7} The board adopted the panel's report, including its findings of fact, conclusions of law, and recommended sanction.

_____

*Joseph L. Wittenberg; Paul D. Giha; Frank W. Cubbon, Jr. & Associates* and *Guy T. Barone*, for relator.

*Marshall & Melhorn* and *Richard M. Kerger*, for respondent.

_____

***Per Curiam.***

**{¶ 8}** Upon review of the record, we concur in the board's findings of misconduct, but we consider public reprimand a sufficient sanction. Respondent is therefore publicly reprimanded for his violations of DR 5-105(A) and (B) and 9-102(A)  Costs taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., WRIGHT, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

DOUGLAS and RESNICK, JJ., not participating.

————————————